IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION AT TOLEDO

| | | |
|---|---|---|
| **JEREMY D. TIPTON** | : | **CASE NO:** |
| **346 Ottawa St., PO Box 116** | : | |
| **Elmore, Ohio 43416** | : | **JUDGE** |
| | : | |
| **PLAINTIFF,** | : | |
| | : | |
| **VS.** | : | |
| | : | |
| **VILLAGE OF ELMORE, OHIO** | : | **COMPLAINT FOR DISABILITY** |
| **By and Through its Mayor** | : | **DISCRIMINATION, AGE** |
| **RICK CLAAR** | : | **DISCRIMINATION, AND** |
| **344 Rice Street** | : | **RETALIATION JURY DEMAND** |
| **Elmore, Ohio 43416** | : | **ENDORSED HEREON** |
| | : | |
| **DEFENDANT.** | : | |

Now comes Plaintiff Jeremy D. Tipton, by and through the undersigned counsel, and alleges the following for his Complaint:

## **INTRODUCTION**

1. This is an action for damages based upon Plaintiff's claims of discrimination and retaliation based upon his disability, under the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq., and the Rehabilitation Act, 42 U.S.C. § 12203, et seq., and Ohio Revised Code §§ 4112.02 and 4112.99, age under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., and Ohio Revised Code §§ 4112.02 and 4112.99.

1

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over Plaintiff's claims made under federal law under 28 U.S.C. § 1331, as Plaintiff's claims arise under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's claims made under Ohio law under 28 U.S.C. § 1367, as these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

**PARTIES**

4. Plaintiff, Jeremy D. Tipton, is a police officer, certificated by the State of Ohio.

5. Defendant, Village of Elmore, Ohio, is a political subdivision of the State of Ohio.

**FACTS**

6. Plaintiff was employed by Defendant Village from on or about January 20, 2006 through on or about August 11, 2020.  At the time of his termination, Plaintiff was employed as a Patrol Sargent, which is considered a village police officer, pursuant to Ohio Revised Code Section 737.16.

7. On January 24, 2020, Plaintiff was dispatched to a scene involving a gunshot wound.

8. On January 24, 2020, Plaintiff had a traumatic response to the shooting scene which was subsequently diagnosed as symptoms of an Acute Stress Disorder.

9. As a result of Plaintiff demonstrating symptoms of an Acute Stress Disorder, Defendant accused Plaintiff of having "performance failures" at the scene on January 24, 2020.

10. Defendant's Police Chief, Jeffrey Harrison, removed Plaintiff from service on or about February 12, 2020, and required Plaintiff to submit to a fitness for duty examination conducted by a clinical psychologist.

11. Following a fitness for duty examination on February 18, 2020, Michael J. Kimball, Psy D, diagnosed Plaintiff with signs of Acute Stress Disorder and recommended that he receive mental health counseling and be re-evaluated in six-weeks.

12. On February 24, 2020, Chief Harrison sent an email message to Plaintiff suggesting that Plaintiff should exhaust his remaining sick leave and seek disability benefits from the Ohio Police and Fire Pension.

13. Plaintiff remained on medical leave until June 23, 2020, when he was released by his physician to return to work.

14. In an effort to prevent Plaintiff from returning to work, Chief Harrison issued a pre-disciplinary notice to Plaintiff dated July 1, 2020. The pre-disciplinary notice contained three (3) Charges with the third Charge containing nine (9) Specifications.

15. Plaintiff responded to the Charges and Specifications, in writing, on July 2, 2020.

16. On July 13, 2020, Chief Harrison issued a letter to Plaintiff and Mayor Claar substantiating seventeen (17) Charges, including all Charges and Specifications contained in the pre-disciplinary notice, as well as additional charges which were not part of the pre-disciplinary notice.  Chief Harrison made the decision to suspend Plaintiff for 60-days without pay for the period of July 28, 2020 through September 28, 2020.

17. On July 24, 2020, Plaintiff filed a charge of discrimination against Defendant with the Ohio Civil Rights Commission alleging discrimination on the basis of disability and age.  That charge was dual filed with the Equal Employment Opportunity Commission.  A true and accurate copy of this charge is attached hereto as Exhibit 1.

18. On July 24, 2020, Defendant gave Plaintiff notice that Mayor Claar had approved Plaintiff's 60-day suspension.

3

19. On July 29, 2020, Plaintiff filed a Notice of Appeal of the suspension to Defendant's Village Council.

20. A hearing was held before Village Council beginning at 7:00 p.m. on August 10, 2020 and concluding at 12:30 a.m. on August 11, 2020. At the hearing Plaintiff testified that he was diagnosed with symptoms of Acute Stress Disorder and had sought medical treatment for his symptoms. Additionally, there was discussion of his disability discrimination charge. At the conclusion of the hearing on August 11, 2020, Village Council voted to terminate Plaintiff's employment.

21. Prior to Plaintiff's termination Chief Harrison stated to him on multiple occasions that he was getting too old.

22. At the time that his employment was terminated, Plaintiff was forty-seven (47) years old.

23. Following Plaintiff's termination, Plaintiff's job duties were assigned to Corbin Haas and subsequently to Zach Floro, both of whom are significantly younger than Plaintiff.

24. On June 3, 2021, Plaintiff received a Notice of Suit Rights from the United States Equal Employment Opportunity Commission. A true and accurate copy of this Notice is attached hereto as Exhibit 2.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Disability Discrimination in Violation of the**
**Americans with Disabilities Act, 42 U.S.C. § 12111, et seq.**

25. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

26. Plaintiff is a member of a protected class, as he has a disability which limits one or more of his major life activities, had a record of a physical or mental impairment and was perceived by Defendant as having a disability.

27. Plaintiff made Defendant aware of his disability in February of 2020, when he took leave to address his condition and informed Village Council of his disability at his hearing on August 10, 2020 and August 11, 2020.

28. Plaintiff was qualified for the position of Patrol Sargent with the Village of Elmore, as demonstrated by his fourteen year career with the Village Police Department and evidenced by his positive 2018 and 2019 Employee Performance Reviews.

29. Plaintiff was discharged from his position because of his disability, record of having a physical or mental impairment and Defendant's perception that Plaintiff was disabled.

30. Plaintiff is entitled to damages for wrongful termination due to his disability.


## SECOND CAUSE OF ACTION
### Disability Discrimination in Violation of Ohio Revised Code § 4112.02 et seq.

31. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

32. Plaintiff is a member of a protected class, as he has a disability which limits one or more of his major life activities, had a record of a physical or mental impairment and was perceived by Defendant as having a disability.

33. Plaintiff made Defendant aware of his disability in February of 2020, when he took leave to address his condition and informed Village Council of his disability at his hearing on August 10, 2020 and August 11, 2020.

34. Plaintiff was qualified for the position of Patrol Sargent with the Village of Elmore, as demonstrated by his fourteen year career with the Village Police Department and evidenced by his positive 2018 and 2019 Employee Performance Reviews.

35. Plaintiff was discharged from his position because of his disability, record of having a physical or mental impairment and Defendant's perception that Plaintiff was disabled.

36. Plaintiff is entitled to damages for wrongful termination due to his disability.


**THIRD CAUSE OF ACTION**
**Retaliation in Violation of the Americans with Disabilities Act, 42 U.S.C. §12203 et seq.**

37. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

38. Plaintiff filed a charge with the Ohio Civil Rights Commission alleging discrimination on the basis of disability.  Plaintiff's filing of the charge with the Ohio Civil Rights Commission is a protected activity.

39. Defendant knew about Plaintiff's charge of discrimination.

40. Defendant took an adverse employment action against Plaintiff, by discharging him.

41. Defendant discharged Plaintiff due to his charge of discrimination addressing the discrimination he experienced.

42. Plaintiff is entitled to damages as a result of Defendant's retaliatory conduct.


**FOURTH CAUSE OF ACTION**
**Retaliation in violation of Ohio Revised Code Section 4112.02 et seq.**

43. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

44. Plaintiff filed a charge with the Ohio Civil Rights Commission alleging discrimination on the basis of disability and age.  Plaintiff's filing of the charge with the Ohio Civil Rights Commission is a protected activity.

45. Defendant knew about Plaintiff's charge of discrimination.

46. Defendant took an adverse employment action against Plaintiff, by discharging him.

47. Defendant discharged Plaintiff due to his charge of discrimination addressing the disability and age discrimination he experienced.

48. Plaintiff is entitled to damages as a result of Defendant's retaliatory conduct.

**FIFITH CAUSE OF ACTION**
**Age Discrimination in Violation of the**
**Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.**

49. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

50. Plaintiff is a member of a protected class, as he was forty-seven (47) years old at the time that his employment was terminated.

51. Prior to his termination Chief Harrison stated to Plaintiff that he was getting too old.

52. Plaintiff was qualified for the position of Patrol Sargent with the Village of Elmore, as demonstrated by his fourteen year career with the Village Police Department and evidenced by his positive 2018 and 2019 Employee Performance Reviews.

53. Plaintiff was discharged from his position because of age.

54. Plaintiff's job duties were assigned to significantly younger employees following Plaintiff's termination.

55. Plaintiff is entitled to damages for wrongful termination due to his disability.

## SIXTH CAUSE OF ACTION
### Age Discrimination in Violation of Ohio Revised Code § 4112.02 et seq.

56. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

57. Plaintiff is a member of a protected class, as he was forty-seven (47) years old at the time that his employment was terminated.

58. Prior to his termination Chief Harrison stated to Plaintiff that he was getting too old.

59. Plaintiff was qualified for the position of Patrol Sargent with the Village of Elmore, as demonstrated by his fourteen year career with the Village Police Department and evidenced by his positive 2018 and 2019 Employee Performance Reviews.

60. Plaintiff was discharged from his position because of age.

61. Plaintiff's job duties were assigned to significantly younger employees following Plaintiff's termination.

62. Plaintiff is entitled to damages for wrongful termination due to his disability.

## SEVENTH CAUSE OF ACTION
### Retaliation in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

63. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

64. Plaintiff filed a charge with the Ohio Civil Rights Commission alleging discrimination on the basis of age.  Plaintiff's filing of the charge with the Ohio Civil Rights Commission is a protected activity.

65. Defendant knew about Plaintiff's charge of discrimination.

66. Defendant took an adverse employment action against Plaintiff, by discharging him.

67. Defendant discharged Plaintiff due to his charge of discrimination addressing the age discrimination he experienced.

68. Plaintiff is entitled to damages as a result of Defendant's retaliatory conduct.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands the following:

A.      Lost wages, fringe benefits, and compensatory damages in an amount exceeding $75,000.00;

B.      Punitive damages in an amount exceeding $75,000.00;

C.      Attorney fees and costs of this suit;

D.      Equitable relief; and

E.      Other relief that this Court may determine to be appropriate.

Respectfully submitted,

/s/ *Jason P. Matthews*
Jason P. Matthews-#0073144
Matthew C. Schultz #0080142
Jason P. Matthews, LLC
130 West Second Street
Suite 924
Dayton, OH  45402
P. (937) 608-4368 F. 1-888-577-3589
jason@daytonemploymentlawyers.com
matt@daytonemploymentlawyers.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury on all his claims.

/s/ *Jason P. Matthews*
Jason P. Matthews